CANCIO, PLAINTIFF AND APPELLEE, *v.* RAMÍREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1371.—Decided July 28, 1916.

PROMISSORY NOTE—SURETY—PRINCIPAL DEBTOR—JOINT AND SEVERAL DEBTORS.— An unsatisfied judgment in favor of the holder of a promissory note and against the maker thereof is no bar to an action against other joint and several debtors under the terms of an endorsement reading as follows: ''We bind ourselves jointly and severally as sureties and principal obligors of the foregoing obligation, waiving the benefit of discussion, endorsement and such laws as may be in our favor, and the creditor may grant his debtor any extension without affecting our guaranty, which shall remain in force until the total payment of the debt for which we are sureties.''

The facts are stated in the opinion.

*Messrs. José Ramón Freyre* and *José G. Torres* for the appellants.

*Mr. Leopoldo Felíu* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The facts as found, and the conclusion reached, by the trial judge are stated in an opinion filed by him which reads as follows:

''In this case the plaintiff seeks to recover from the defendants jointly and severally the sum of six hundred dollars with interest, costs, expenses, disbursements and attorney fees, basing his action on a promissory note which was signed by the defendants before a notary public on August 8, 1911, to become due and payable to the order of the plaintiff as follows: Fifty dollars on November 8, 1911, a like sum on the same day of the month of December, 1911, and a like sum on the same day of the months of January to October, 1912.

''The complaint was verified and the defendants duly filed a verified answer. On the 18th day of May the case went to trial in regular order, Leopoldo Felíu appearing for the plaintiff and José Ramón Freyre for the defendants.

"After hearing the evidence of both parties and the arguments of counsel, the court reserved decision until today, and now, on the evidence introduced at the trial and the law applicable to the case, finds and concludes as follows:

"1. The promissory note on which the action is based and hereinbefore referred to was made by one Abraham Lugo y Quiñones and endorsed by defendants Delfín Ramírez and José Irizarry Ursulich as sureties and principal obligors jointly and severally. The note was made payable to the plaintiff or his order for the sum of six hundred dollars in instalments as recited above, the last to become due on October 8, 1912.

"2. The said sum so secured by the said note has not been paid to the plaintiff in any manner by any of the defendants, in whole or in part.

"3. As regards the new matter of defence set up by the defendants in their answer, there has been no subrogation, settlement or compromise in this case or in any other action brought by the plaintiff by which the defendants may have been relieved of the payment of the debt now sued for.

"In conclusion, the court finds that in accordance with the provisions of sections 1104, 1107 and 1111 of the Revised Civil Code, which are applicable, and upon the facts proved, the defendants are responsible to the plaintiff jointly and severally for the total amount of the debt claimed in the complaint.

"For the foregoing reasons, the court considers that it should render judgment, as it hereby does, sustaining the complaint and dismissing the answer thereto, adjudging consequently that the two defendants jointly and severally pay to the plaintiff the amount claimed in the complaint with interest thereon at six per cent annually from October 8, 1912, until fully paid, together with the costs, expenses and disbursements of the action and the fees of the plaintiff's attorney. Mayagüez, P. R., May 25, 1915. (Signed) Charles E. Foote, District Judge."

It is insisted that the court erred:

(1) In rendering judgment pursuant to the opinion just quoted and of even date therewith, because the same court, in another case, had rendered another judgment dated December 16, 1912, in favor of plaintiff herein and against "the principal debtor Abraham Lugo y Quiñones."

(2) In having totally ignored the principle of estoppel by judgment.

(3) In having totally ignored the principle of *res judicata*.

(4) In not having taken into consideration the subrogation of plaintiff Ortiz to the rights of defendant Lugo y Quiñones under a policy of insurance attached in the former suit above mentioned.

(5) In not giving legal effect to a stipulation dated December 11, 1913, between plaintiff Ortiz and defendant Lugo in such former suit and alleged by appellant herein to be an accord and satisfaction.

(6) In having violated section 1138 of the Civil Code which reads as follows:

"Payments of debts of money shall be made in the specie stipulated and, should it not be possible to deliver the specie, in legal silver or gold coin current in Porto Rico.

"The delivery of promissory notes to order or drafts or other commercial paper shall only produce the effects of payment when collected or when, by the fault of the creditor, their value has been affected.

"In the meantime the action arising from the original obligation shall be suspended."

The entire record in this case is composed of copies of the complaint, of the answer, and, under the head "Documentary Evidence of Plaintiff," a copy of a note, presumably the one sued on herein, followed by "Documentary Evidence of Defendant" consisting of a copy of a complaint in a suit number 3863, entitled Juan Cancio Ortiz y Lugo, plaintiff, *v.* Abraham Lugo y Quiñones, defendant, setting up, among other causes of action, one on a note identical in form and contents with the one sued on herein with a prayer for judgment for eight hundred dollars together with interest, costs, disbursements and attorney's fees; under the same number and title a consent in writing by defendant, accepted by plaintiff, for a judgment in the sum of one thousand dollars without special pronouncement as to costs; a judgment in the

same case pursuant to such consent; a motion (same number and title) for attachment and a return of such writ showing the attachment of a fire insurance policy for four thousand dollars; a motion in the same case, number 3863, Ortiz *v.* Lugo, for the appointment of a trustee to collect the policy so attached under the authority and direction of the court, the proceeds to be deposited in court subject to order and disposition thereof, and any balance after satisfaction of various claims mentioned in such manner and order of preference as the court might determine to be returned to defendant Lugo; a stipulation praying for the approval of the court and approved by the judge in another case, number 4231, Miguel del Toro Colberg, plaintiff, *v.* Juan Cancio Ortiz and Abraham Lugo Quiñones, defendants, wherein the parties agreed upon, named and designated Joaquín Nazario de Figueroa to proceed to the collection of a certain policy of insurance said to have been described in the complaint in that case but not identified by number, amount or otherwise as the policy attached in case number 3863, *supra,* under the following terms and conditions:

"1. The said Joaquín Nazario de Figueroa may employ an attorney in exercising the authority conferred upon him and all necessary expenses incurred for the said purpose shall be paid by him out of the amount collected on the said policy.

"2. Out of the sum remaining after the payment of said expenses he shall pay to Miguel del Toro or his attorney, Ricardo del Toro Soler, his interest of one thousand dollars in the said policy; to Juan Cancio Ortiz or his attorney, Leopoldo Felíu, his claim of one thousand dollars for which he has the said policy attached, and he shall deliver the remainder to Escolástica Quiñones or her attorney of record or duly appointed attorney in payment of her claim of two thousand nine hundred dollars against Abraham Lugo for which she also levied an attachment upon the said policy. The said claims are due upon final judgments of this court.

"3. The parties relieve Nazario de Figueroa from giving security for the exercise of the powers conferred upon him.

"4. The authority hereby conferred upon Nazario de Figueroa is understood to be without limitation, he being subrogated to the

rights of the owners of the said policy, Lugo Quiñones and Toro Colberg'';

copy of a certificate by the clerk of the Federal Court as follows:

"In the District Court of the United States for Porto Rico.— Joaquín Nazario de Figueroa, Trustee of the Honorable District Court of Mayagüez, *v.* L'Unión, a Fire Insurance Company represented herein by its Agent, Chas. Vere of San Juan,—1053, Law.— Certificate.—I, Antonio Aguayo, Clerk of the District Court of the United States for Porto Rico, do hereby certify, that it appears from the records in the above-entitled cause that an order of removal of said cause to this court was made by the District Court of San Juan on December 2, 1914.

"I further certify that the Transcript of the Record in the aforesaid District Court of San Juan was filed in this District Court of the United States for Porto Rico on the fifth day of January, 1915.

"In testimony whereof, I hereunto set my hand and affix the seal of the aforesaid court, this 1st day of February, A. D., 1915. (Signed) Antonio Aguayo.—Clerk U. S. District Court for Porto Rico.—(Seal)'';

a judgment and an opinion without title or number, presumably the judgment and the opinion rendered herein; copy of a notice of appeal also without title or number, presumably the notice of appeal herein; a certificate signed by the attorneys of record herein to the effect "that the foregoing transcript of the record is a true and correct copy of the corresponding originals, to which we refer and which are of record in the cases brought before the District Court of Mayagüez, Porto Rico, under the numbers 4714, 3863 and 4231, by Juan Cancio Ortiz against Delfín Ramírez and José Irizarry Ursulich, Juan Cancio Ortiz y Lugo *v.* Abraham Lugo y Quiñones, and Miguel del Toro Colberg *v.* Juan Cancio Ortiz and Abraham Lugo y Quiñones, for the recovery of money.''

Putting aside all question as to whether or not or how far this court can consider any part or portion of the so-called "transcript" herein beyond the complaint, answer,

opinion of the trial judge, and judgment, and indulging every presumption as to the identity of the various documents copied from the records of the several civil suits above mentioned, as to the actual introduction thereof in evidence herein and as to a possible relationship and connection existing between such suits and such documents—yet we find no logical basis upon which the court below could have rendered judgment for the defendant.

The whole argument under the first three assignments, *supra,* proceeds as did the answer in the district court upon the rather violent assumption, without citation of authority or even the suggestion of any plausible foundation therefor that defendants are sureties only; not joint and several obligors together with their principal, as between themselves and plaintiff, appellee, in so far as any question involved in such assignments is concerned, and as expressly provided by the obligation subscribed by such defendants which reads as follows:

"We bind ourselves jointly and severally as sureties and principal obligors of the foregoing obligation, waiving the benefit of discussion, endorsement and such laws as may be in our favor, and the creditor may grant his debtor any extension without affecting our guaranty which shall remain in force until the total payment of the debt for which we are sureties."

The conclusion reached by the trial judge in this regard is fully sustained by the decision of this court in *Quiñones* v. *Vivoni,* 20 P. R. R. 458, which is conclusive on this point and obviates the necessity of any discussion of the abstract propositions of law submitted by appellant under the first three assignments.

In the light of the facts above outlined, we think no argument is necessary to show that the other contentions made by appellant are equally without merit.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.